B18 (Official Form 18) (12/07)

# United States Bankruptcy Court

Northern District of Illinois
**Case No. 11–49448**
**Chapter 7**

In re: Debtor (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):

   Tommy J. Robison
   684 Catalpa Lane
   Bartlett, IL 60103

Social Security / Individual Taxpayer ID No.:
   xxx−xx−3256

Employer Tax ID / Other nos.:

## DISCHARGE OF DEBTOR

     It appearing that the debtor is entitled to a discharge, **IT IS ORDERED:** The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

                                  FOR THE COURT

Dated: <u>March 26, 2012</u>                      <u>Kenneth S. Gardner, Clerk</u>
                                                    United States Bankruptcy Court

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

B18 (Official Form 18) (12/07) – Cont.

# EXPLANATION OF BANKRUPTCY DISCHARGE
# IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor.*[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

### Debts that are Not Discharged.

Some of the common types of debts which are not discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes (in a case filed on or after October 17, 2005);

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans (in a case filed on or after October 17, 2005).

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

United States Bankruptcy Court
Northern District of Illinois

In re:  Case No. 11-49448-DRC
Tommy J. Robison  Chapter 7
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0752-1     User: admin     Page 1 of 2     Date Rcvd: Mar 26, 2012
                          Form ID: b18     Total Noticed: 10

```
Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 28, 2012.
db          +Tommy J. Robison,    684 Catalpa Lane,    Bartlett, IL 60103-5836
18152512    +Bank Of America, N.A.,    450 American Street,    Simi Valley, CA 93065-6285
18152514    +CBE Group,    Po Box 87522,    Chicago, IL 60680-0522
18152517    +I.C. System Inc.,    P.O. Box 64378,    St Paul, MN 55164-0378
18152518    +Melissa Waxler,    684 Catalpa Lane,    Bartlett, IL 60103-5836
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
tr          +EDI: QDRBROWN.COM Mar 27 2012 00:23:00      David R Brown, ESQ,
              Springer Brown Covey Gaertner & Davis,    400 South County Farm Road,    Suite 330,
              Wheaton, IL 60187-4547
18152513     EDI: CAPITALONE.COM Mar 27 2012 00:23:00      Capital One,    Po Box 85520,    Richmond, VA 23285
18152515    +EDI: CHASE.COM Mar 27 2012 00:23:00      Chase,    Po Box 15298,    Wilmington, DE 19850-5298
18152516     EDI: RMSC.COM Mar 27 2012 00:23:00      Green Tree Servicing,    332 Minnesota St Ste 610,
              Saint Paul, MN 55101
18152517    +EDI: ICSYSTEM.COM Mar 27 2012 00:23:00      I.C. System Inc.,    P.O. Box 64378,
              St Paul, MN 55164-0378
18152519    +EDI: WFFC.COM Mar 27 2012 00:23:00      Wells Fargo Auto Finance,
              AFG National Bankruptcy Department,    Po Box 7648,    Boise, ID 83707-1648
                                                                                              TOTAL: 6

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Mar 28, 2012**          **Signature:** _/s/ Joseph Speetjens_

```
District/off: 0752-1           User: admin              Page 2 of 2             Date Rcvd: Mar 26, 2012
                               Form ID: b18             Total Noticed: 10
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 26, 2012 at the address(es) listed below:

```
          Andrew J Nelson    on behalf of Creditor   Green Tree Servicing LLC anelson@atty-pierce.com,
           northerndistrict@atty-pierce.com
          Dana N O'Brien    on behalf of Creditor   Green Tree Servicing LLC dobrien@atty-pierce.com,
           northerndistrict@atty-pierce.com
          David R Brown     dbrown@springerbrown.com,    dbrown@ecf.epiqsystems.com;jill@springerbrown.com
          Mohammed O Badwan    on behalf of Debtor Tommy Robison courtinfo@sulaimanlaw.com,
           mbadwan@sulaimanlaw.com;courtinfo@sulaimanlaw.com;bkycourtinfo@gmail.com
          Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
                                                                                             TOTAL: 5
```